COX FRICKE
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| JOACHIM P. COX | 7520-0 |
| jcox@cfhawaii.com | |
| RANDALL C. WHATTOFF | 9487-0 |
| rwhattoff@cfhawaii.com | |
| KAMALA S. HAAKE | 9515-0 |
| khaake@cfhawaii.com | |

800 Bethel Street, Suite 600
Honolulu, Hawai'i  96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276

Attorneys for Defendant
OHANA MILITARY COMMUNITIES, LLC and
Defendant and Third-Party Plaintiff
HUNT MH PROPERTY MANAGEMENT, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTHA JENNIFER CAMP, ADAM CAMP, WILLIAM E. THOMPSON, and JUANITA THOMPSON, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC and DOE DEFENDANTS 1-10,<br><br>                Defendants. | CIVIL NO. 1:24-cv-00003 LEK-KJM<br><br>DEFENDANT AND THIRD-PARTY PLAINTIFF HUNT MH PROPERTY MANAGEMENT, LLC'S **FIRST AMENDED THIRD-PARTY COMPLAINT** AGAINST UNITED STATES OF AMERICA; CERTIFICATE OF SERVICE<br><br>Trial Date:  None Set<br>Judge:        Hon. Leslie E. Kobayashi |
| HUNT MH PROPERTY MANAGEMENT, LLC, | |

|  |
|---|
| Third-Party Plaintiff, |
| vs. |
| UNITED STATES OF AMERICA, |
| Third-Party Defendant. |

**DEFENDANT AND THIRD-PARTY PLAINTIFF
HUNT MH PROPERTY MANAGEMENT, LLC'S
FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST
UNITED STATES OF AMERICA**

Defendant and Third-Party Plaintiff HUNT MH PROPERTY MANAGEMENT, LLC ("Hunt" and/or "Third-Party Plaintiff"), by and through its attorneys, Cox Fricke LLP, asserts claims for relief against Third-Party Defendant UNITED STATES OF AMERICA ("United States") and alleges and avers as follows:

## PARTIES

1. Third-Party Plaintiff Hunt is a limited liability company organized under the laws of the State of Delaware. Hunt is responsible for certain aspects of the day-to-day management and operations of Ohana's military housing communities.

2. Third-Party Defendant United States, through the Department of the Navy, owns and operates the Joint Base Pearl Harbor-Hickam Drinking

2

Water System ("JBPHH Water System"), which supplies potable water to residents in communities developed and managed by Hunt.

## JURISDICTION AND VENUE

3. Jurisdiction over the United States is proper under 28 U.S.C. § 1346(b), and because the United States has waived sovereign immunity pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674.

4. Venue is proper in this Court under 28 U.S.C. §§ 1402(b) because the acts and omissions arose in this judicial district.

## FACTUAL ALLEGATIONS

5. On November 17, 2023, Martha Jennifer Camp, Adam Camp, William E. Thompson, and Juanita Thompson, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs") filed a putative class action Complaint ("Complaint") against Defendants Ohana Military Communities, LLC ("Ohana") and Hunt MH Property Management, LLC (together "Defendants") for: (1) Negligence; (2) Strict Liability; (3) Medical Monitoring; (4) Private Nuisance; (5) Unfair and Deceptive Trade Practices; (6) Breach of Implied Warranty of Habitability; (7) Trespass; (8) Breach of Contract; and (9) Violation of Hawai'i Revised Statute Chapter 521, Landlord Tenant Code.

6. Plaintiffs allege that they are residents of military housing communities managed and leased by Defendants. Plaintiffs' claims are predicated

3

primarily on the November 20, 2021, fuel spill from the Red Hill Bulk Fuel Storage Facility ("Red Hill"), which Plaintiffs allege contaminated the drinking water supplied to Plaintiffs' homes through the JBPHH Water System.

       7.     Both Red Hill and the JBPHH are owned and operated by the United States, Department of the Navy (the "Navy").

       8.     Plaintiffs allege in the Complaint that Red Hill is an underground storage tank ("UST") system that consists of 20 USTs as well as pipelines and other infrastructure associated with the storage and distribution of marine diesel and jet fuel. Compl. ¶¶ 24–26.

       9.     Plaintiffs allege in the Complaint that Red Hill "sits directly above the Southern Oʻahu Basal Aquifer[.]" *Id.* ¶ 27.

      10.     Plaintiffs allege in the Complaint that the Southern Oʻahu Basal Aquifer supplies water to the JBPHH Water System. *Id.*

      11.     The Navy is responsible for providing potable water to numerous military housing communities operated by Ohana from the JBPHH Water System (the "Ohana Communities").

      12.     Plaintiffs allege in the Complaint that on November 20, 2021, a fuel release at Red Hill, "caused the Red Hill Shaft, a drinking-water source for the U.S. military, to be **<u>seriously contaminated with fuel.</u>**" *Id.* ¶ 30 (emphasis in

original).  Plaintiffs contend that said water was "sold, delivered or supplied" to Plaintiffs' homes.  *Id.*

13.  As set forth in the Final Report from RDML Christopher J. Cavanaugh to Commander, U.S. Pacific Fleet dated January 14, 2022 (the "Cavanaugh Report"), the November 2021 fuel spill was precipitated by a spill that occurred in Red Hill on May 6, 2021.  Cavanaugh Report at 1 ¶ 2, *available at* https://www.epa.gov/system/files/documents/2022-07/FOIA-Release-Red%20Hill-CI-%28June%202022%29.pdf.

14.  As discussed in the Cavanaugh Report, immediately following the May 6, 2021, spill, the Navy determined that there had been no release to the environment.  Moreover, following the incident, the Navy issued a press releases indicating that "[t]he pipe release was detected immediately, and the system worked as designed to collect, isolate and contain the fuel safely within the Red Hill facility."

15.  Defendants had no role in causing the May 6, 2021, spill, which, on information and belief, was solely caused by the Navy and/or its agents.

16.  According to the Cavanaugh Report, "The proximate cause of the fuel spill on 6 May 2021 was human error."  Opinion No. 1.

17.  According to the Cavanaugh Report, on November 20, 2021,

> the Red Hill Rover inadvertently struck a fire suppression system retention line drain valve with the passenger cart

>of a train, cracking the PVC pipe near Adit 3. Although not known at the time, this retention line contained up to 16,999 gallons of JP-5 fuel from the 6 May 2021 spill.

Cavanaugh Report, Finding of Fact No. 174.

18. Defendants had no role in causing the November 20, 2021, spill, which, on information and belief, was solely caused by the Navy and/or its agents.

19. According to the Cavanaugh Report, "The proximate cause of the fuel spilled from the fire suppression system retention line on 20 November 2021 was a failure to properly account for the fuel spilled on 6 May 2021 (human error)[.]" Opinion No. 20.

20. Prior to the November 20, 2021 spill, the Navy did not notify Defendants that: (a) the May 6, 2021 spill had resulted in significantly more than 1,618 gallons of fuel being released, as initially reported; and (b) up to 16,999 gallons of JP-5 fuel was contained in the fire suppression system retention line as a result of the May 6, 2021 incident.

21. On November 21, 2021, the Navy issued a press release that stated, in relevant part:

>The Navy is investigating the cause of a water and fuel mix release in the drain line for the fire suppression system in the tunnel downhill of the Red Hill Bulk Fuel Storage Facility. Fleet Logistics Center Pearl Harbor (FLC PH) personnel responded to what was initially assessed as a water leak shortly after 5 p.m. Saturday,

> Nov. 20. This pipe is not connected to the Red Hill Fuel tanks or main fuel pipelines, all of which are secure.
>
> ***
>
> There are no signs or indications of any releases to the environment, and the drinking water remains safe to drink.

22. On November 22, 2021, the Navy issued another press release that reiterated: "There are no signs or indications of any releases to the environment, and the drinking water remains safe to drink."

23. On November 28, 2021, the Navy issued a press release advising that it was "investigating reports of a chemical smell in drinking water at several homes in some of the military housing areas for Joint Base Pearl Harbor Hickam . . . ." The press release further stated: "There is no immediate indication that the water is not safe."

24. On November 29, 2021, the Navy issued a press release advising that initial testing of water samples from various locations on JBPHH "have not detected petroleum constituents . . . ." The Navy further advised:

> The Navy's current guidance for Joint Base Pearl Harbor – Hickam military housing residents is to report any chemical or petroleum odors associated with their potable water. If chemical or petroleum odors are present, recommend avoiding ingestion as a cautionary measure. The Navy is moving forward to provide sources of drinking water to affected residents and to sample affected locations.

7

25. From November 29, 2021 through December 1, 2021, the Navy continued to advise Defendants that no petroleum products or contaminants had been detected in the water samples.

26. The Navy did not confirm that petroleum products had been detected in water samples until December 2, 2021.

27. At all relevant times, Defendants were and are not involved in the operations at Red Hill or the JBPHH Water System, nor do they have any control over Red Hill or the JBPHH Water System.

28. Defendants were not involved in the incident responses at Red Hill following the May 6, 2021 spill or the November 20, 2021 spill.

29. Defendants were not involved in the Navy's information reporting regarding the May 6, 2021 spill or the November 20, 2021 spill.

30. Defendants were not involved in the Navy's investigation or testing of water samples following the May 6, 2021 spill or November 20, 2021 spill.

31. Defendants were not involved in DOH's investigation or testing of water samples, if any, following the May 6, 2021 spill.

32. The Navy did not notify Defendants that there was a risk of contamination to the JBPHH Water System following either the May 6, 2021 spill or November 20, 2021 spill.

33. Defendants relied on the Navy's investigation, testing, and representations regarding the Red Hill fuel spills in Defendants' communications with residents in the Ohana Communities regarding the incident.

## COUNT I
### (Common Law Indemnity)

34. Hunt realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

35. At all relevant times, the Navy was responsible for providing potable water to the Ohana Communities.

36. At all relevant times, the Navy was responsible for the operation of Red Hill and the JBPHH Water System.

37. At all relevant times, Hunt could not have knowledge that the water supply for the Ohana Communities had "not been sufficiently protected from the risk of fuel contamination", as alleged by Plaintiffs, unless and until the Navy reported any such risks to Hunt.

38. At all relevant times, Hunt could not have knowledge that there was a "risk of water contamination from Red Hill", as alleged by Plaintiffs, unless and until the Navy reported any such risks to Hunt.

39. Hunt has denied that it is responsible for the acts and damages alleged in Plaintiffs' Complaint. Nevertheless, as a result of the initiation of the Complaint, Hunt has been required to defend against the Plaintiffs' claims and has

incurred and will continue to incur expenses for investigation, legal costs, and legal fees, the full amount of which has not yet been ascertained.

40. If Plaintiffs were injured and/or damaged as a result of the November 20, 2021 fuel spill, as alleged in the Complaint, such injuries and damages were caused by the acts, omissions, negligence or fault of the United States and not by Hunt, who is not at fault or liable to Plaintiffs for any of the injuries or damages alleged in the Complaint.

41. If Plaintiffs were injured and/or damaged as a result of the November 20, 2021 fuel spill, as alleged in the Complaint, and if Hunt is found liable in any way, then Hunt's liability would be based on damages caused by the conduct of the United States. If Plaintiffs were injured and/or damaged as a result of the allegations in the Complaint, then the United States' liability was the active and primary or proximate cause of Plaintiffs' injuries and/or damages.

42. Such indemnification shall include any and all attorneys' fees and court costs incurred by Hunt in the defense of Plaintiffs' Complaint.

## COUNT II
**(Equitable Indemnity and/or Subrogation)**

43. Hunt realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

44. At all relevant times, the Navy was responsible for providing potable water to the Ohana Communities.

10

45. At all relevant times, the Navy was responsible for the operation of Red Hill and the JBPHH Water System.

46. At all relevant times, Hunt could not have knowledge that the water supply for the Ohana Communities had "not been sufficiently protected from the risk of fuel contamination", as alleged by Plaintiffs, unless and until the Navy reported any such risks to Hunt.

47. At all relevant times, Hunt could not have knowledge that there was a "risk of water contamination from the Red Hill Facility", as alleged by Plaintiffs, unless and until the Navy reported any such risks to Hunt.

48. Hunt has denied that it is responsible for the acts and damages alleged in Plaintiffs' Complaint. Nevertheless, as a result of the initiation of the Complaint, Hunt has been required to defend against the Plaintiffs' claims and have incurred and will continue to incur expenses for investigation, legal costs, and legal fees, the full amount of which has not yet been ascertained.

49. If Plaintiffs were injured and/or damaged as a result of the November 20, 2021 fuel spill, as alleged in the Complaint, and if Hunt is found liable in any way, then Hunt's liability would be based on damages caused by the conduct of the United States, and not by any act or omission of Hunt. If Plaintiffs were injured and/or damaged as a result of the allegations in the Complaint, then

the United States' liability was the active and primary or proximate cause of Plaintiffs' injuries and/or damages.

50. In equity and good conscience, if Plaintiffs recover against Hunt, then Hunt is entitled to implied and/or equitable indemnity and apportionment of liability for any and all liability from the Navy, according to its respective fault, for the injuries and damages allegedly sustained by Plaintiffs, by way of sums paid in settlement, or judgment rendered against Hunt in the action based upon Plaintiffs' Complaint.

51. Such indemnification shall include any and all attorneys' fees and court costs incurred by Hunt in the defense of Plaintiffs' Complaint.

52. To be clear, Hunt denies that it is in any way responsible for the injuries and/or damages alleged in this action. If, however, liability is imposed on Hunt as a result of the matters alleged in the operative complaint, that liability could only be derivative from or concurrent with the acts and liability of the Navy.

## COUNT III
### (Contribution, Apportionment, and/or Reimbursement)

53. Hunt realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

54. If Plaintiffs recover against Hunt for the allegations in the Complaint, then Hunt is entitled to contribution, apportionment of liability, and/or reimbursement from the Navy, according to its respective fault, for the injuries and

damages allegedly sustained by Plaintiffs, by way of sums paid in settlement, or judgment rendered against Hunt in the action based upon Plaintiffs' Complaint.

55. If it is determined that Hunt and the Navy are joint tortfeasors, the relative degrees of fault of each joint tortfeasor shall be determined as provided for by H.R.S. §§ 663-11 through -17, and Hunt shall have judgment for contribution, apportionment, and/or reimbursement individually and/or collectively against the Navy for any excess which must be paid or owed by Hunt over and above its pro rata share.

56. To be clear, Hunt denies that it is in any way responsible for the injuries and/or damages alleged in this action. If, however, liability is imposed on Hunt as a result of the matters alleged in the operative complaint, that liability could only be derivative from or concurrent with the acts and liability of the Navy.

## COUNT IV
### (Negligence)

57. Hunt realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

58. The United States owns and operates Red Hill.

59. The United States owns and operates the JBPHH Water System.

60. The United States had a duty to exercise reasonable care in operating and maintaining Red Hill.

13

61. The United States had a duty to exercise reasonable care in operating and maintaining the JBPHH Water System.

62. The United States breached these duties by, among other things,

   a. Failing to properly execute a fuel transfer procedure on May 6, 2021;

   b. Failing to properly account for all fuel spilled on May 6, 2021;

   c. Failing to properly operate the passenger cart of a train on November 20, 2021; and

   d. Failing to properly respond to the fuel spill on November 20, 2021.

63. Hunt has denied that is responsible for the foregoing conduct. Nevertheless, as a result of the negligence of the United States, Hunt has been required to defend against the Plaintiffs' claims and has incurred and will continue to incur expenses for investigation, legal costs, and legal fees, the full amount of which has not yet been ascertained.

64. If Plaintiffs were injured and/or damaged as a result of the November 20, 2021 fuel spill, as alleged in the Complaint, such injury or damage was directly or proximately caused by the United States. To the extent that Hunt is

held liable for such losses, Hunt seeks recovery of such losses from the United States as damages.

65.     Hunt is entitled to indemnification and/or contribution as a result of the United States' negligence.

## PRAYER FOR RELIEF

WHEREFORE, Hunt requests that:

A.     The Court award Hunt judgment on its Third-Party Complaint;

B.     If Plaintiffs are found entitled to judgment in their favor or any other relief, such judgment or other relief be rendered against the United States and not against Hunt;

C.     If Plaintiffs should recover a judgment against Hunt, that Hunt have judgment over and against the United States, together with Hunt's costs, attorneys' fees, and expenses;

D.     Hunt be fully indemnified and have judgment entered in its favor and against the United States for the amount of any judgment entered in favor of Plaintiffs, and that Hunt be awarded its attorneys' fees, costs, and expenses of defending this lawsuit;

E.     If it is determined that Hunt is jointly liable herein, the relative degree of fault of each joint tortfeasor be determined, and Hunt have judgment

15

against the United States for any excess that may be paid by Hunt over and above its pro rata share of any judgment;

   F. The relative and comparative degree of fault of the parties be determined and that judgment be entered accordingly;

   G. The Court award Hunt compensatory and general damages in its favor and against the United States in an amount to be determined at trial.

   H. The Court award Hunt interest on pecuniary losses from the date of occurrence of such losses; and

   I. Hunt have such other and further relief as this Court deems just and equitable.

   DATED: Honolulu, Hawaiʻi, January 21, 2025.

       /s/ Randall C. Whattoff
       JOACHIM P. COX
       RANDALL C. WHATTOFF
       KAMALA S. HAAKE

       Attorneys for Defendant
       OHANA MILITARY COMMUNITIES, LLC and
       Defendant and Third-Party Plaintiff
       HUNT MH PROPERTY MANAGEMENT, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTHA JENNIFER CAMP, ADAM CAMP, WILLIAM E. THOMPSON, and JUANITA THOMPSON, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC and DOE DEFENDANTS 1-10,<br><br>              Defendants. | CIVIL NO. 1:24-cv-00003 LEK-KJM<br><br>CERTIFICATE OF SERVICE |
| HUNT MH PROPERTY MANAGEMENT, LLC,<br><br>              Third-Party Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Third-Party Defendant. | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was served on this date in the following manner:

|  | HAND DELIVERED | MAILED | ECF |
|---|---|---|---|
| JAMES J. BICKERTON<br>BRIDGET G. MORGAN-BICKERTON<br>GEOFFREY A. TRACY<br>EMILY M. WALKER<br>Bickerton Law Group<br>745 Fort Street, Suite 801<br>Honolulu, HI 96813<br>bickerton@bsds.com<br>morgan@bsds.com | [ ] | [ ] | [ X ] |
| WAYNE D. PARSONS<br>Wayne Parsons Law Office<br>1406 Colburn Street, Suite 201 C<br>Honolulu, HI 96817<br>wparsons@alohano.com | [ ] | [ ] | [ X ] |
| ZACHERY R. BIERSCHEID<br>Andrews & Thornton, AAL APC<br>4701 Von Karman Ave., Ste. 350<br>Newport Beach, CA 92660<br>zbierscheid@andrewsthornton.com<br><br>Attorneys for Plaintiffs | [ ] | [ ] | [ X ] |

|  | HAND DELIVERED | MAILED | ECF |
|---|---|---|---|
| ELLIOT ENOKI<br>Executive Assistant U.S. Attorney<br>District of Hawaii<br>Attorney for the United States,<br>Acting under Authority Conferred by<br>28 U.S.C. § 515<br>SYDNEY SPECTOR<br>Assistant U.S. Attorney<br>J. PATRICK GLYNN, Director<br>CHRISTINA FALK, Assistant Director<br>ALANNA HORAN, Trial Attorney<br>ERIC REY, Trial Attorney<br>U.S. Department of Justice<br>1100 L Street, NW<br>Washington, D.C. 20005<br>alanna.r.horan@usdoj.gov<br>eric.a.rey@usdoj.gov<br><br>Attorneys for Third-Party Defendant<br>UNITED STATES OF AMERICA | [ ] | [ ] | [ X ] |

DATED:  Honolulu, Hawaiʻi, January 21, 2025.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
KAMALA S. HAAKE
Attorneys for Defendant
OHANA MILITARY COMMUNITIES, LLC and
Defendant and Third-Party Plaintiff
HUNT MH PROPERTY MANAGEMENT, LLC

3